McKinney, J.,
delivered the opinion of the Court.
This was a motion for judgment against the sheriff, for the non-return of an execution.
• The motion was refused simply upon the ground that the proof did not show that the execution had been placed in the sheriff’s hands twenty days before the return day thereof. In all other respects the case seems to have been fully made out by the proof. The ground upon which the motion was refused, we think, is untenable. Under the act of 1777, ch. 8, § 5, the penalty of $125 given for the failure of the sheriff to make return of process, could not, perhaps, be recovered unless it were shown that the process had been placed in his hands twenty days before the return day. But the act of 1835, ch. 19, § 6, under which the present motion is made, contains no such requirement.
By the latter act, he and his sureties are made liable to judgment on motion, if he “ fail to make due *483 rand proper return of any execution issued from any Court of record in the State, to him directed and by him received,” without any reference to the time when the same may have been placed in his hands. True, if the execution were presented to him within so short a time before the return day, that he could not make a levy and return the same on the day by law fixed for its return, this would perhaps be a sufficient reason for his refusal to receive it.
But if received in time to execute before the return day, he is bound to do so, or to show a sufficient excuse for his failure. And though received at too late a period to advertise and sell before the return day, still, he Is bound to make a levy, and to return the execution in proper time, showing the want of time as his excuse for not making sale of the property levied on.—1 Swan, R., 307. In this view, the motion was improperly refused.
But the motion is made, not only against the surviving sureties to the bond, but likewise against the personal* representatives of two of the sureties who died before the motion was made. This is not allowable. The personal representatives of the deceased sureties are not liable to be proceeded against in this summary method.
For this reason the case will be remanded to the Circuit Court for judgment, with leave to the plaintiff to amend his motion.
Judgment reversed.